**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400
Attorneys for Plaintiff Alissa Herbst

|  |  |
|---|---|
| ALISSA HERBST, individually and on behalf of a class of persons similarly situated, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiffs, | Civ. No.: |
| v. | |
| ENCORE MARKETING INTERNATIONAL INC., EASYSAVER REWARDS, PROVIDE COMMERCE, INC. and PROFLOWERS | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Alissa Herbst, individually and on behalf of herself and all others similarly situated, by her attorneys, Nagel Rice, LLP, alleges as follows:

## PRELIMINARY STATEMENT

1.     This class action seeks relief for the numerous persons who were damaged by Defendants', Encore Marketing International, Inc.'s, EasySaver Rewards, Provide Commerce, Inc.'s and ProFlowers (collectively referred to as "Defendants"), wrongful conduct in sharing unauthorized consumer financial information and using this information to secretly enroll consumers in various fee-based membership clubs, unjustly enriching Defendants at the expense of Plaintiffs.

2.   After such clandestine, unilateral enrollments, consumers are automatically charged a one-time activation fee and, thereafter, a monthly fee on their credit cards or bank statements. Although under some circumstances consumers receive a credit or refund of some or all of the monthly charges, consumers never receive a refund of the activation fee.

3.     Defendants have conspired to tack onto consumers' credit card bills, bank statements and the like deceptive fees which are not authorized by the consumers. Quite simply, Defendants' hope that consumers will not notice the unauthorized fees. To mask the illegitimacy of these charges, they are bunched with other legitimate charges that consumers have previously agreed to pay. This fraudulent scheme has damaged Plaintiff and other Class Members and secured enormous illicit profit for Defendants.

## PARTIES

4.     Plaintiff, Alissa Herbst, is a dual citizen of the United States and Israel. She resides in Israel at 4 Mishol Har Ephraim, Ofra, Israel 90627.

5.     Defendant Encore Marketing International ("Defendant Encore") is a Delaware corporation with its principal office located at 4501 Forbes Boulevard, Lanham, MD 20706. Encore is an internet-based service provider of membership-based clubs and consumer benefit programs.

6.     Defendant EasySaver Rewards ("Defendant EasySaver Rewards") is an internet service that is operated by Defendant Encore.

7.     Defendant Provide Commerce, Inc. ("Defendant Provide") is a Delaware corporation with its principal office in San Diego, California . Among other things, Defendant Provide operates a retail flower business.

8.     Defendant ProFlowers ("Defendant ProFlowers") operates an internet website that is owned by Defendant Provide. Defendant ProFlowers sells fresh flowers over the internet.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1332(d)(2)(A) in that the amount in controversy, exclusive of interest and

2

costs, exceeds $5,000,000.00 and this is a class action in which members of the class of plaintiffs are citizens of a State different from Defendants.

10.     The District of New Jersey is an appropriate venue, pursuant to 28 U.S.C. Section 1391, in that a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## STATEMENT OF THE CASE

11.     Defendant Encore is an international corporation that runs various consumer benefit programs and clubs.  Defendant Encore owns and operates Defendant EasySaver, a membership club that Defendant Encore touts as their premier savings club, entitling its members to a variety of entertainment, travel, dining, and shopping discounts.

12.     On or about January 22, 2009, Plaintiff ordered flowers from ProFlowers.com, a website where consumers can purchase fresh flowers.  Proflowers.com is owned and operated by Provide, an e-commerce company.

13.     At that time, ProFlowers.com offered Plaintiff a rebate.

14.     Plaintiff sought to obtain the rebate.

15.     But Plaintiff never received a rebate or any further information about a rebate.

16.     When Plaintiff made the aforesaid purchase of flowers, Defendants, Encore and Provide, captured her financial information.

17.     Unbeknownst to Plaintiff, as a result of her aforesaid purchase of flowers and her attempt to obtain the aforesaid rebate, Defendants, Encore and Provide, used her financial information to enroll her in Defendant EasySaver Rewards.

18.     As a result of Defendants', Encore's and Provide's, deception in enrolling Plaintiff in Defendant EasySaver Rewards, Defendant Encore charged Plaintiff an unauthorized activation fee.

19.     As a result of the Defendants', Encore's and Provide's, deception in enrolling Plaintiff in Defendant EasySaver, Defendant Encore charged Plaintiff unauthorized monthly charges on her credit card bill.

20.     Defendants', Encore Marketing International, Inc.'s, EasySaver Rewards, Provide Commerce, Inc.'s and ProFlowers, engaged in a deceptive, unconscionable commercial practice in connection with the sale or advertisement of merchandise by: deceptively using Plaintiff's financial information to enroll Plaintiff in Defendant EasySaver without her authorization, charging Plaintiff an activation fee without her authorization, and charging Plaintiff monthly fees without her authorization.

21.     As the proximate result of the aforesaid deceptive, unconscionable commercial practice, Plaintiff has suffered an ascertainable loss.

22.     Defendants represented to Plaintiff that she would receive a rebate from ProFlowers.

23.     Defendants knew that this representation was false when they made it.

24.     Defendants intended that Plaintiff rely upon the aforesaid false representation.

25.     Plaintiff relied on the aforesaid false representation.

26.     Plaintiff has been injured as the proximate result of her reliance upon the aforesaid false representation.

27.     As a proximate result of Defendants' aforesaid unlawful acts, Defendants have been unjustly enriched.

4

28.     Defendants, Encore, Provide, ProFlowers and EasySaver, conspired with one another to commit the unlawful acts set forth herein.

29.     In furtherance of the aforesaid conspiracy, Defendants committed numerous overt acts, including: falsely representing that Plaintiff would receive a rebate in connection with her purchase on Defendant ProFlowers; deceptively using Plaintiff's financial information to enroll her in Defendant EasySaver without her authorization; charging Plaintiff an activation fee without her authorization; and charging her monthly fees without her authorization.

30.     Plaintiff has been injured as the proximate result of Defendants' aforesaid conspiracy.

31.     At all relevant times, Defendant Encore was a "person" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1964(c).

32.     At all relevant times, Defendant Provide was a "person" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1964(c).

33.     At all relevant times, Defendant ProFlowers was a "person" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1964(c).

34.     At all relevant times, Defendant EasySaver was a "person" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1964(c).

35.     At all relevant times, and as described in this Class Action Complaint, Defendants carried out their fraudulent scheme to defraud Plaintiff and other Class members with the conduct of an association-in-fact "enterprise," within the meaning of 18 U.S.C. § 1961(4), comprised of Defendants, Encore, Provide, ProFlowers and EasySaver.

36.     At all relevant times, the aforesaid Enterprise was engaged in, and its activities affected, interstate commerce within the meaning of RICO, 18 U.S.C. § 1962(c).

37.     As described herein, the aforesaid Enterprise has and continues to have an ascertainable structure and function separate and apart from the pattern of racketeering activity in which Defendants Encore, Provide, ProFlowers and EasySaver have engaged. In addition, the members of the aforesaid Enterprise function as a structured and continuous unit, and perform roles consistent with this structure.

38.     The purpose of the aforesaid Enterprise was to create a mechanism by which Defendants could obtain the financial information of Plaintiff and Class Members in order to secretly enroll them in a Defendant EasySaver and fraudulently obtain payments for activation fees and monthly charges.

39.     Defendants knew that Plaintiff and other Class members were being enrolled in Defendant EasySaver without their knowledge or consent.

40.     Defendants knew that Plaintiff and other Class members were being charged activation fees without their knowledge or consent.

41.     Defendants knew that Plaintiff and other Class members were being charged monthly fees without their knowledge or consent.

42.     Defendants provided false and misleading information to Plaintiff and other Class members concerning the alleged rebate offered on Defendant ProFlowers.com and the secret enrollment in Defendant EasySaver in order for the Enterprise's own direct and indirect financial gain, and to discourage Plaintiff and other Class members from contesting the aforesaid unlawful activities.

43.     Through their wrongful conduct as alleged herein, in violation of 18 U.S.C. § 1962(c), Defendants have conducted and participated in the conduct of the Enterprise's affairs, directly and indirectly, through a "pattern of racketeering activity," as defined in 18 U.S.C. §

1961(5).  These acts of racketeering activity have continued throughout the Class Period to the present.  Such predicate acts include: wire fraud, in violation of 18 U.S.C. § 1343.  Specifically, such predicate acts include the transmitting, causing to be transmitted and/or knowing that such items would be transmitted over the United States wires; the fraudulent offer of a rebate on ProFlowers.com; the imposition of the activation fee on Plaintiff and Class members for their unauthorized enrollment in Defendant EasySaver; imposition of the monthly fees on Plaintiff and Class members for their unauthorized enrollment in Defendant EasySaver; communicating materially false information and related false explanations about enrollment, charges and refunds.  These transmissions were effectuated by means of telephone, facsimile and the Internet in interstate commerce, for the purpose of effectuating the above-described fraudulent scheme.  Each transmission constitutes a separate and distinct violation of 18 U.S.C. § 1343.

44.     The following communications, sent via interstate wire facilities, contained false and fraudulent misrepresentations and/or omissions of material facts, had the design and effect of preventing a meaningful evaluation of the merits of Defendant EasySaver's program, providing the secret unauthorized enrollment in Defendant EasySaver with an appearance of legitimacy and regularity, and/or postponing the ultimate discovery the fraudulent scheme.

(a)     the false promise of a rebate on ProFlowers.com, which false promise was communicated to Plaintiff on January 22, 2009;

(b)     Plaintiff's attempt to obtain the promised rebate on January 22, 2009;

(c)     the automatic and unauthorized enrollment of Plaintiff in Defendant EasySaver on January 22, 2009;

(d)     the charge of an activation fee for this automatic and unauthorized enrollment;

(e)     the imposition of monthly charges on credit card statements, bank statements and the like, which unauthorized charges were bunched with legitimate charges.

45.     Each such use of the U.S. mail and interstate wire facilities alleged in this Class Action Complaint constitutes a separate and distinct predicate act of "racketeering activity" and, collectively, constituted a "pattern of racketeering activity."

46.     The aforesaid acts of wire fraud are related because they each involve common members (namely, Plaintiff and other Class members), common practices, common results impacting upon common victims, and are continuous because they occurred over several years, and constitute the usual practice of Defendants and the Enterprise, such that they amount to and pose a threat of continued racketeering activity. The fraudulent scheme is open-ended and not inherently terminable.

47.     The direct and intended victims of the pattern of racketeering activity described previously herein are Plaintiff and other Class members.

48.     Plaintiff and other Class members were injured by reason of the aforesaid RICO violations because they directly and immediately were charged a nonrefundable activation fee without their authorization and because they were charged monthly fees without their authorization.

49.     Their injuries were caused by violations of 18 U.S.C. § 1962(c) because these injuries were the foreseeable, direct, intended and natural consequence of RICO violations (and commission of underlying predicate acts) and, but for Defendants' RICO violations, such injuries would not have occurred.

50.     Pursuant to Section 1964(c) of RICO, 18 U.S.C. § 1964(c), Plaintiff and other Class members are entitled to recover threefold their damages, costs and attorneys' fees and other appropriate relief.

## CLASS ACTION ALLEGATIONS

51.      Plaintiff and Class Members bring this class action on behalf of a Class, which is defined as:

> All persons or entities who, between January 22, 2003 and the present were charged an activation fee and/or monthly fee for EasySaver Rewards without their authorization as a result of their purchase on ProFlowers.com.

52.      Excluded from the Class are: Defendants; the subsidiaries and affiliates of any Defendant; any person or entity who is a partner, officer, director, employee or controlling person of any Defendant; members of Defendants' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Defendant has or had a controlling interest.

53.      The members of the Class are so numerous that joinder of all members is impracticable.   Thousands of persons have purchased flowers on ProFlowers.com, sought to obtain the rebate, been automatically enrolled in EasySaver Rewards and been charged with activation fees and monthly charges.

54.      Accordingly, Plaintiff believes that there are thousands of members of the proposed Class.

55.      Records maintained by Defendants will identify Class members, who may be notified of this action by mail, using the form of notice similar to that customarily used in this type of class action.

56.      The following common class claims, issues and defenses pertain to Plaintiff and Class Members:

(a)      Whether Defendants' conduct violated New Jersey Consumer Fraud Act;

(b) Whether Defendants engaged in an association-in-fact Enterprise for purposes of 18 U.S.C. §1962(c);

(c) Whether Defendants committed the requisite predicate acts under 18 U.S.C. §1962(c);

(d) Whether Defendants engaged in a pattern of racketeering activity under 18 U.S.C. §1962(c);

(e) Whether Defendants' conduct constitutes fraud; and

(f) Whether Defendants have been unjustly enriched at Plaintiff's expense;

(g) Whether Defendants conspired to commit a RICO violation; and

(h) Whether Plaintiff and Class Members have suffered damages and the amount of those damages.

58. These common questions of law and fact predominate over any issues solely affecting individual Class Members.

59. Plaintiff's claims are typical of the claims of Class Members in that all Class Members were charged an activation fee and/or monthly charges for EasySaver Rewards without the consumer's authorization.

60. Plaintiff will fairly and adequately protect the interests of the members of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel who is competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable, because the damages suffered by individual Class members may be relatively small (although significant to each of them), and because the burden and expense of individual litigation make it impossible for Class Members to individually redress the harm done to them. Given the uniform policies

and practices at issue, there will also be no difficulty in the management of this litigation as a class action.

62.     Even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, is manageable, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. The benefits of adjudicating this controversy as a class action far outweigh any difficulties in managing the Class.

63.     In the alternative, the Class may be certified under the provisions of Fed. R. Civ. P. 23(b)(l)(A), 23(b)(1)(B) and/or 23(b)(2) because:

(a)     the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants;

(b)     the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests; and

(c)     the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole

64.     There was an action entitled Carlene N. Pederson, et al. v. Trilegiant Corp. f/k/a Cendant Membership Services, Inc., a wholly-owned subsidiary of Cendant Corporation, Circuit Court, Third Judicial Circuit, Madison County, Illinois ("the Illinois action").

65.     The Illinois action was settled.

66.     Plaintiff Herbst is not a member of the class in the Illinois action.

## CLAIMS FOR RELIEF

### First Claim for Relief

1.      The actions of Defendants constitute a violation of the New Jersey Consumer Fraud Act.

### Second Claim for Relief

2.      The actions of Defendants constitute Fraud.

### Third Claim for Relief

3.      The actions of Defendants constitute a violation of 18 U.S.C. 1962(c).

### Fourth Claim for Relief

4.      The actions of Defendants constitute a violation of 18 U.S.C. 1962(d).

### Fifth Claim for Relief

5.      The actions of Defendants constitute a violation conspiracy to commit fraud.

### Sixth Claim for Relief

6.      The actions of Defendants constitute unjust enrichment.

## RELIEF REQUESTED

1.      On First, Third and Fourth Claims for Relief, an award of treble damages, punitive damages, counsel fees, costs of suit and such further relief as the Court deems just and proper.

2.      On the Second and Fifth Claims for Relief, an award of compensatory damages, punitive damages, counsel fees, costs of suit and such further relief as the Court deems just and proper.

3.      On the Sixth Claim for Relief, an award of compensatory damages, punitive damages, counsel fees, costs of suit and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Nagel Rice, LLP
Attorneys for Plaintiff Alissa Herbst

By: _____

Jay J. Rice, Esq. (9171)
Elliott L. Pell, Esq. (3655)

DATED: February 19, 2010